Jenna Dakroub, CA #350170
E: jdakroub@consumerattorneys.com
*Attorney for Plaintiff John Doe*
CONSUMER ATTORNEYS
6345 Balboa Boulevard, Suite 247
Encino, CA 91316
T: (602) 807-1525
F: (718) 715-1750

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOHN DOE on Behalf of Himself and Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>YARDI SYSTEMS, INC., and RENTGROW, INC.<br><br>Defendants. | **Case No.:** 2:23-cv-10118-DDP-JC<br><br>**PLAINTIFF JOHN DOE'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN PSEUDONYM AND FOR PROTECTIVE ORDER**<br><br>Date: January 22, 2024<br>Time: 10:00am<br>Location: 350 West First Street, Los Angeles, California 90012, Courtroom 9C<br>Before the Honorable Dean D. Pregerson |

**PLEASE TAKE NOTICE** that on January 22, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Dean D. Pregerson,

i


District Judge for the Central District of California, in 9C of the United States Courthouse, 350 West First Street, Los Angeles, California 90012, Plaintiff John Does ("Plaintiff"), through the counsel undersigned, will and hereby does move for leave to proceed under pseudonym and for a protective order under Fed. R. Civ. P. 26(c)(1).

The Plaintiff, John Doe, moves to proceed in pseudonym and for a protective order pursuant to Fed. R. Civ. P. 26(c)(1) in order to protect the identity of the Plaintiff and where there is no less drastic means available to do so. In the alternative, Plaintiff requests a protective order requiring any reference to the Plaintiff's true identity be filed under seal.

Service has not yet been obtained with respect to the Defendants nor has counsel for Defendants entered an appearance. As a result, counsel for the Plaintiff has been unable to confer with counsel for Defendants pursuant to L.R. 7-3 and obtain their position with respect to this Motion. For the reasons explained in the accompanying memorandum in support of this motion, the Plaintiff's Motion should be granted.

## I.  INTRODUCTION

This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, which protects consumers from exposure of private or inaccurate facts. The FCRA sets forth the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis supplied).

The FCRA itself provides that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).  In order to protect consumers as fully as possible from unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages and punitive damages and attorney-fee-shifting provisions.

## II.  FACTS

The very nature of the case elucidates the reason that the Plaintiff is entitled to protection and should be permitted to proceed pseudonymously. Plaintiff was denied an apartment because of a consumer report sold by Defendants to Plaintiffs' prospective employer that caused him to suffer not only loss of housing, but also

1

significant economic and non-economic injuries, physical injury and sickness due to emotional distress, public ridicule and reputational harm because Defendants' report falsely reported Plaintiff was a convicted sex offender subject to sex offender registration. Compl., ¶¶ 2-3.

The problem is that the alleged sex offenses occurred when the Plaintiff was a juvenile and were thus held to be not reportable by the California Supreme Court and California Attorney General. Compl. ¶¶ 2, 62-63. Indeed, there is no record in the originating jurisdiction that the Plaintiff has ever been charged, let alone convicted, of sexually abusing anyone. *Id*. ¶ 64. Nevertheless, Defendants have not only recklessly reported that the Plaintiff is part of the most reviled group of offenders in existence, they refused to either promptly reinvestigate his disputes or forward the dispute on to the third party that supplies such information unless the Plaintiff jumped through additional hoops by completing a proprietary form in contravention of the FCRA. *Id*. ¶ 71-73.

In order to access and enforce his congressionally mandated protections relating to accuracy in consumer reports, Plaintiff must commence a federal lawsuit that has the effect of associating himself with the very sex offender records that the State of California has determined he is entitled to be free of, therefore engraving that false impression into the public record. If Plaintiff were required to proceed under his own name, it further exposes him to strongly adverse present and future

consequences with respect to housing, employment prospects, professional and social relationships, and other opportunities.

Put simply, without the use of a pseudonym, Plaintiff will not be permitted to avail himself of the FCRA-granted remedies without visiting upon himself the same harm (although to a greater degree) from which the FCRA provides protection. Thus, unless Plaintiff is permitted to proceed in pseudonym, he will likely be prevented from vindicating his rights.

Plaintiff has every reason to believe, as borne out by his own experience including in this case, that a person associated with sex offender information faces drastically increased difficulty in finding and securing housing and employment. Additionally, Plaintiff has every reason to believe that if other people, including current and future employers, believed that he was associated with sexual crimes, it would harm his reputation, financial condition, and relationships. No one would be able to associate the Plaintiff with any sex offender records because such records do not exist. If Plaintiff were required to litigate in his own name, he would be irreparably harmed by putting this otherwise non-existent court record into the public domain.

//

## III. ARGUMENT

**A. It is within the Court's discretion to allow a Plaintiff to proceed in pseudonym**

As a general rule, the title of a complaint must name all parties to the action. Fed. R. Civ. P. 10(a); *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.2d 1036, 1043 (9th Cir. 2010). In deciding whether to grant permission for a litigant to proceed in pseudonym, a court must balance the important public interests and compelling interests in personal privacy and anonymity in exercise of its discretion. *Doe v. Public Citizen,* 749 F.3d 246, 273 (4th Cir. 2014). In determining whether to allow a party to proceed under a pseudonym, a court must balance "the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274. This presumption is related to the public's common law right of access to judicial proceedings, *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000), and "the right of private individuals to confront their accusers." *Kamehameh Schools*, 596 F3d at 1042. Courts have broad discretion to determine whether a plaintiff may proceed anonymously. *Advanced Textile Corp.,* 214 F.3d at 1067-68; *Kamehameha Schools*, 596 F.3d at 1045-46. Courts in the Ninth Circuit "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary […] to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Advanced Textile Corp.,* 214 F.3d at 1067-68.

The "legal standard governing a district court's discretionary decision to permit a party to proceed anonymously" is whether the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* The Ninth Circuit recognizes that circumstances may justify anonymity over the general rule favoring disclosure including when the party seeking to proceed anonymously demonstrates a need to preserve privacy in a matter of a highly personal or sensitive nature. *Advanced Textile Corp.,* 214 F.3d at 1068. Federal Rule of Civil Procedure 26(c) provides, in relevant party, that "for good cause shown, the court in which the action in pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

**B. Plaintiff has established a need to preserve privacy in a highly personal and sensitive matter that would render his remedies futile if his identity were made public**

RentGrow published a consumer report, often called a tenant screening report, about the Plaintiff that falsely portrayed him as a sex offender despite the fact that no court records exist that support RentGrow's reporting of Plaintiff as a sex offender. RentGrow's report ultimately cost the Plaintiff a housing opportunity, among other injuries including failing to conduct a prompt reinvestigation of the Plaintiff's dispute. The Court records do not exist from the Plaintiff's juvenile offense, and further the Attorney General of California notified the Plaintiff that he

was not subject to sex offender registration over a decade ago. The Plaintiff is entitled to privacy in these facts, which are already hidden from public view and scrutiny by official acts of the State of California. Compl. ¶¶ ••.

The Defendants' reporting about the Plaintiff is inaccurate because no such sex offender criminal records exist, but Plaintiff's claims necessarily rely on being able to discuss the underlying facts that his records were juvenile records and which sex offender registration requirement was terminated by the California Supreme Court. Attaching the Plaintiff's true name to this lawsuit would render these protections a nullity and expose him to the harms discussed above, which is a near-certainty. Doe v. McMillan, 412 U.S. 306, 329-30 (1973) (Douglas, J. dissenting) (observing that acts committed while a juvenile, if made public, have a devastating effect in future when a person is trying to establish themselves). Indeed, "allegations of sexual misconduct . . . are undoubtedly sensitive and highly personal," and "is a quintessential example of the appropriate use of anonymity in litigation." *Doe v. Citadel*, No. 2:21-cv-04198-DCN, 2022 U.S. Dist. LEXIS 127707, at \*6-7 (D.S.C. July 18, 2022). *See also, Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) (permitting the plaintiff to proceed in pseudonym

because the "[p]laintiff has been accused of sexual misconduct, the mere accusation of which, if disclosed, can invite harassment and ridicule").[1]

Without using a pseudonym, Plaintiff's name would strip him of the protections of the FCRA. Simply put, Plaintiff would be forced to create a public court record linking him to a sex offense that is otherwise not available for any public viewing.

### C. The public interest in knowing the Plaintiff's identity is tempered by the public's interest in allowing litigants to vindicate their FCRA rights

The public has an interest in knowing the Plaintiff's identity, but that interest doesn't extend beyond the basic public interest in ensuring that judicial proceedings are transparent, in general. Most courts protect juvenile criminal records from

---

[1] Courts throughout the country have approved of proceeding in pseudonym for a variety of reasons. Noting that transgender individuals face particular societal stigma, courts have considered a person's transgender status and gender identity to be important factors in permitting plaintiffs to proceed anonymously. *See Bd. of Educ. of the Highland Local School Dist. v. U.S. Dep't of Ed.,* No. 2:16-CV 524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 72-74 (D.R.I. 1992) ("a transsexual, plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion.")). Others who have been permitted to proceed in pseudonym include: survivors of sexual assault, *Doe v. CoreCivic, Inc.*, No. 4:20-cv-01828, 2020 U.S. Dist. LEXIS 117489, at 4 (S.D. Tex. July 6, 2020), cases involving "use of birth control, seeking an abortion, or homosexuality," *Doe v. McKesson*, 322 F.R.D. 456, 457 (M.D. La. 2017), and cases involving "[p]rayer and personal religious beliefs," *Doe v. El Paso Cty. Hosp. Dist.*, No. EP-13-CV-00406-DCG, 2015 U.S. Dist. LEXIS 46081, at *10 (W.D. Tex. Apr. 1, 2015). These factors weigh heavily in favor of Plaintiff Doe's motion to proceed under pseudonym.

7

public disclosure either as a matter of California state law and the resulting harms, including embarrassment, from disclosure warrant a protective order. *Aranda v. Cty. Los Angeles*, Civ. No. 19CV01770-RGK, 2019 U.S.Dist.LEXIS 237142, at *11 (C.D.Cal., Dec. 6, 2019). If the juvenile records are protected from disclosure, it follows that the discussion of the juvenile records belonging to the Plaintiff should be protected from disclosure as well since the effect of disclosure would be the same – putting the otherwise non-public records into the public view, subjecting the Plaintiff to the very type of harm he's already suffered. *Kamehameh Schools*, 596 F3d at 1042 (observing, "[a]fter all, we do not publicly release juvenile records once a minor offender becomes an adult.")

Absent anonymity, in order to pursue his FCRA claim and seek to be made whole, the Plaintiff would be required "to disclose information of the utmost intimacy" creating a public record that uninterested parties would have access to juvenile and sex offender information that the State of California has already determined should not be made public. *Doe v. Aberdeen Sch. Dist.*, 2019 U.S.Dist.LEXIS 158288, at *2 (D.S.D. Sept. 27, 2019). Without anonymity, Plaintiff's lawsuit would amplify the inaccuracy of the Defendants' report about the Plaintiff's sex offender status that – although injurious – was heretofore limited in its circulation to Plaintiff's landlord.

8

If unable to proceed in pseudonym, the Plaintiff will be forced to choose between prosecuting his rights under the FCRA or protecting himself from further harm of the false publication of the RentGrow report. Therefore, the Plaintiff's interest in protecting his "privacy in a matter of sensitive and highly personal nature," which was also a juvenile record subject to protection from public disclosure, outweighs the generic public interest in knowing the specific identity of the Plaintiff in this case. *Advanced Textile Corp*, 214 F.3d at 1067-68.

An order denying the Plaintiff's motion to proceed in pseudonym would have a chilling effect on other consumers' ability to vindicate their federal consumer rights where false, expunged, juvenile, sealed or otherwise non-public criminal public records are at issue.

D. Defendants will not be prejudiced by Plaintiff's proceeding pseudonymously

Defendants will be able to fully and fairly defend against the Plaintiff's complaint without publicly revealing his identity, and thus will suffer no legal prejudice in the defense of this case. First, Plaintiff will provide Defendants with all the relevant information necessary to identify the Plaintiff, including within its own records. To the extent that proceeding in pseudonym protects the Plaintiff from further injuries, it is in Defendants' best interest for the Plaintiff to proceed in pseudonym.

## IV.   CONCLUSION

For these reasons, the Court should grant the Plaintiff's motion to proceed in pseudonym and otherwise order the parties to proceed in litigation by protecting the name and other identifying information about the Plaintiff from public disclosure. In the alternative, the Court should enter a protective order that requires any reference made about the Plaintiff's using his true identity be filed under seal and redacted from public view.

Respectfully submitted this 7th day of December 2023,

*By: /s/ Jenna Dakroub*
Jenna Dakroub, CA # 350170
**CONSUMER ATTORNEYS**
6345 Balboa Boulevard, Suite 247
Encino, CA 91316
T: (602) 807-1525
F: (718) 715-1750
E: jdakroub@consumerattorneys.com

*Attorney for Plaintiff,*
*John Doe*